IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  12-cv-00804-RPM-MJW

MICHAEL GREEN,

Plaintiff,

v.

STELLAR RECOVERY, INC.,

Defendant.

**RECOMMENDATION ON
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANT'S
AFFIRMATIVE DEFENSES (Docket No. 43)**

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before the undersigned pursuant to an Order of Reference to Magistrate Judge issued by Senior District Judge Richard P. Matsch on March 30, 2012 (Docket No. 4).

In this action, plaintiff alleges the defendant violated the Fair Debt Collection Practices Act, 15, U.S.C. § 1692, et seq. ("FDCPA"), while attempting to collect a Comcast account from plaintiff by falsely representing to the plaintiff during a telephone call plaintiff initiated on March 6, 2012, that to dispute the account he needed a balance statement showing he paid the account, that he had to prove that he did not owe the account to dispute the account, that he had to write a letter to the defendant to dispute the account, that he had to have a reason to dispute the account, that he could not

dispute the account over the phone, and that he had to pay the account to get the account off of the credit bureau reports.  (See the Complaint - Docket No. 1; and Scheduling Order - Docket No. 12 at 2).  In its Answer (Docket No. 10), defendant raised the following as affirmative defenses: (1) the Complaint fails to state a claim upon which relief can be granted; (2) the Complaint is barred by the doctrine of unclean hands; (3) any collection communication which may have allegedly violated the FDCPA may be subject to a bona fide error defense; and (4) it "reserves the right to assert any other affirmative defenses as revealed within the discovery process."  (Docket No. 10 at 8-9).

Now before the court for a report and recommendation is the Plaintiff's Motion for Summary Judgment as to Defendant's Affirmative Defenses (Docket No. 43). Defendant filed a Response (Docket No. 45), and plaintiff filed a Reply (Docket No. 51). The court has carefully considered these motion papers as well as applicable Federal Rules of Civil Procedure and case law and has taken judicial notice of the court file. The court now being fully informed makes the following findings, conclusions of law, and recommendation.

Rule 56(a) provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "A party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, interrogatories, and admissions on file together with affidavits, if any, which it believes demonstrate the absence of genuine issues for trial."  <u>Robertson v. Board of County Comm'rs of the</u>

3

County of Morgan, 78 F. Supp.2d 1142, 1146 (D. Colo. 1999) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Mares v. ConAgra Poultry Co., 971 F.2d 492, 494 (10th Cir. 1992)). "Once a properly supported summary judgment motion is made, the opposing party may not rest on the allegations contained in the complaint, but must respond with specific facts showing the existence of a genuine factual issue to be tried. . . . . These facts may be shown 'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings by themselves.'" Southway v. Central Bank of Nigeria, 149 F. Supp.2d 1268, 1273 (D. Colo. 2001), aff'd, 328 F.3d 1267 (10th Cir. 2003). However, "[i]n order to survive summary judgment, the content of the evidence that the nonmoving party points to must be *admissible*. . . . The nonmoving party does not have to produce evidence in a form that would be admissible at trial, but '"the content or substance of the evidence must be admissible."' . . . Hearsay testimony that would be inadmissible at trial cannot be used to defeat a motion for summary judgment because 'a third party's description of a witness' supposed testimony is "not suitable grist for the summary judgment mill."'" Adams v. American Guarantee & Liability Ins. Co., 233 F.3d 1242, 1246 (10th Cir. 2000).

"Summary judgment is also appropriate when the court concludes that no reasonable juror could find for the non-moving party based on the evidence presented in the motion and response." Southway, 149 F. Supp.2d at 1273. "The operative inquiry is whether, based on all documents submitted, reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict. . . . Unsupported allegations without 'any significant probative evidence tending to support the complaint' are insufficient . . . as are conclusory assertions that factual disputes exist." Id.;

4

Robertson, 78 F. Supp.2d at 1146 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); quoting White v. York Int'l Corp., 45 F.3d 357, 360 (10th Cir. 1995)). "Evidence presented must be based on more than 'mere speculation, conjecture, or surmise' to defeat a motion for summary judgment." Southway, 149 F. Supp.2d at 1274. "Summary judgment should not enter if, viewing the evidence in a light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor, a reasonable jury could return a verdict for that party." Id. at 1273.

Here, plaintiff seeks judgment in his favor as to the defendant's affirmative defenses. Some of the plaintiff's motion is a complete waste of this court's and defense counsel's time. Plaintiff admits in his motion that defendant stated in its Second Amended and Clarified Responses to the Plaintiff's Discovery Requests that it agreed to withdraw its affirmative defense of unclean hands and its right to add additional defenses, but plaintiff notes that the nothing has been filed by the defendant to effectuate this withdrawal. (See Docket No. 43 at 6 and 8). The court acknowledges that the parties are not required to confer prior to filing a motion for summary judgment (see D.C.COLO.LCivR 7.1(A)), but it would have behooved plaintiff's counsel merely to communicate with defense counsel, such as through a simple e-mail or telephone call, in order to obtain and file a quick stipulation rather than seeking summary judgment with respect to these defenses. Defense counsel states in the Response that the "Defendant would have agreed to a formal withdrawal or stipulation regarding these defenses at the close of discovery had it been called to [defense counsel's] attention that Plaintiff desired a formal stipulation to be filed." (Docket No. 45 at 4).

Defendant further states in its Response that with respect to its defense of failure

5

to state a claim, while asserted in good faith, it will not pursue that defense, thereby rendering plaintiff's request for judgment relating to that defense moot. (Docket No. 45 at 3, 5-6).

Therefore, the only portion of plaintiff's motion that remains for the court's consideration concerns defendant's affirmative defense of a "bona fide error." "Bona fide error is an affirmative defense available upon the defendant's showing 'by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.'" Hudspeth v. Capital Management Servs., L.P., 2013 WL 674019, at *10 (D. Colo. Feb. 25, 2013) (quoting 15 U.S.C. § 1692k(c)). "As an affirmative defense, it is only applicable once a violation has been established." Id. Here, plaintiff has made no showing in his motion that defendant violated the FDCPA, and defendant denies that the alleged misrepresentations occurred.[1] Therefore, plaintiff's motion for summary judgment on this affirmative defense should be denied.

Furthermore, at this stage, this court does not agree that plaintiff is entitled to

---

[1] Defendant notes in its Response that plaintiff testified during his deposition that he has no independent recollection of what occurred during the March 6, 2012, telephone call and that the recording he provided is the exclusive evidence upon which he based his claims in this case. (See transcript which is an attachment to another motion, Docket No. 52-3). When the instant motion and response were filed, however, that recording was almost entirely indecipherable with respect to what defendant's representative said in response to the plaintiff's questioning. On February 18, 2013, which was after the Response here was filed, plaintiff's counsel e-mailed defense counsel with a recording attached which was decipherable. Last month, following argument on defendant's Motion to Strike Belatedly-Disclosed Telephone Recording and for Monetary Sanctions (Docket No. 52), this court ordered that the taped telephone recording was not stricken, and no monetary sanctions were assessed. In addition, discovery was re-opened for the limited purpose of a two-hour continued deposition of the plaintiff, limited to examination regarding the tape recording. (Docket No. 65)

judgment on this affirmative defense on the basis that defendant cannot deny violating the FDCPA yet raise the bona fide error defense. Pursuant to Fed. R. Civ. P. 8(d)(3), "[a] party may state as many separate . . . defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3). In addition, contrary to plaintiff's assertions, defendant has identified the errors claimed with respect to this defense as well as the specific procedures it alleges were reasonably adopted to avoid the claimed errors. Attached to plaintiff's own motion are some of the defendant's discovery responses, notably defendant's response to Interrogatory No. 3 which asks defendant to "[i]dentify in detail the **factual basis** for Defendant's claim of Bona Fide Error (15 U.S.C. § 1692k(c)), the Affirmative Defense #3 in the Answer in this case . . . ." (Docket No. 4301 at 2). Included in the over 14-page response to this interrogatory are specific citations to and information about specific policies and training materials allegedly provided to new hires and used as ongoing training to its employees to educate them not to make statements that violated the FDCPA, including certain specified statements that are at issue here. (See Docket No. 43-1 at 3-18). Defendant listed, provided, and described to the plaintiff documents and policies relating to this defense, which arguably support defendant's arguments that any violation of the FDCPA was not intentional, that defendant has procedures designed to avoid the violations alleged in this case, and that if defendant did violate the FDCPA, such violation(s) may have occurred in spite of such policies.

The court thus finds that this is not a case where the defendant has made a conclusory declaration that it maintained reasonable procedures. Therefore, this court concludes that defendant has raised an issue of material fact as to the bona fide error

defense. See McClenning v. NCO Systems, Inc., 2010 WL 4795269, at *6 (C.D. Cal. Nov. 15, 2010) (defendant gave details regarding the use of their systems to prevent violations of the FDCPA and thus raised an issue of fact as to the bona fide error defense, making partial summary judgment not appropriate on the issue of defendant's liability).

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the Plaintiff's Motion for Summary Judgment as to Defendant's Affirmative Defenses (Docket No. 43) be **GRANTED IN PART AND DENIED IN PART**. More specifically, it is recommended that the motion be granted with respect to the defenses that defendant has agreed to withdraw, namely, that the Complaint fails to state a claim upon which relief can be granted, the Complaint is barred by the doctrine of unclean hands, and that the defendant "reserves the right to assert any other affirmative defenses as revealed within the discovery process." It is further recommended that the motion be denied with respect to the bona fide error defense.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53**

8

**(1985), and also waives appellate review of both factual and legal questions.**

**Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley**

**v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**


Date:  June 6, 2013                                      s/ Michael J. Watanabe
       Denver, Colorado                              Michael J. Watanabe
                                                                                  United States Magistrate Judge